IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10690
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA SOTO GONZALEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CV-511-E
- - - - - - - - - -
January 17, 1997

Before SMITH, DUHE' and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Maria Soto Gonzalez, federal prisoner #20581-077, appeals the district court's denial of her motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. Gonzalez argues that the district court erred in denying her motion based on a finding that he abused the writ under Rule 9(b) of the Rules Governing Section 2255 Proceedings.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

To the extent that Gonzalez is required to file a certificate of appealability (COA) in order to appeal the district court's order, we conclude that Gonzalez has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); see also Drinkard v. Johnson, 97 F.3d 751, 756 (5th Cir. 1996). Without deciding whether a COA is required, we conclude that Gonzalez has failed to show cause for her failure to raise the issues presented in the present § 2255 motion in her previous motion filed pursuant to § 2255. Nor has Gonzalez asserted her actual innocence as required to establish that a fundamental miscarriage of justice might result should the court not address the merits of her successive § 2255 motion. See Hudson Whitley, 979 F.2d 1058, 1063 (5th Cir. 1992). The district court did not err in denying § 2255 relief based on her abuse of the writ.

This court recently has held that the Prison Litigation Reform Act (PLRA) does not apply to § 2255 motions. United States v. Cole, ___ F.3d ___, No. 96-40567, 1996 WL 709228, at *1 (5th Cir. Dec. 9, 1996). The record reflects that, prior to the Cole decision, Gonzalez was assessed a partial filing fee under the provisions of the PLRA. Accordingly, the district court clerk's office should take necessary action to refund to Gonzalez that portion of the filing fee she already has paid, and no further assessments against Gonzalez for the filing fee should be made.

AFFIRMED.  COA DENIED.